UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FIRST COLONY LIFE INSURANCE COMPANY | * | CIVIL ACTION |
| | * | |
| | * | NO.  05-6849 |
| VERSUS | * | |
| | * | JUDGE ZAINEY |
| ALFRED J.  KREPPEIN, JR., | * | |
| RYAN BRICE CRANE AND | * | MAG (1) SHUSHAN |
| LAUREL CRANE LUQUETTE | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF FIRST COLONY LIFE INSURANCE COMPANY

Plaintiff in Interpleader, First Colony Life Insurance Company ("First Colony"), submits this memorandum in support of its motion for summary judgment dismissing the counter-claims of defendants, Alfred J. Kreppein, Jr., Ryan Brice Crane and Laurel Crane Luquette (sometimes referred to as "Defendants") for statutory penalties, dismissing First Colony from further liability for any benefits payable on account of the death of Stephanie B. Kreppein, dismissing First Colony as a party to this action, and awarding to First Colony the attorney fees and costs which it has incurred in prosecuting its Complaint for Interpleader.

This suit for Interpleader was brought by First Colony in connection with a policy of life insurance issued by First Colony with Stephanie B. Kreppein as Owner and Insured. Upon the death of the Insured, First Colony received notice of conflicting claims and could not pay the Policy death benefit without exposing itself to the possibility of double liability.

First Colony is a mere stakeholder and claims no beneficial interest in the death benefit under the Policy. Pursuant to the Court's Order entered on January 5, 2006, First Colony deposited into the registry of the Court the sum of $503,458.90 which represents the death benefit under the Policy, plus interest.

Defendants filed counterclaims seeking statutory penalties under La. Rev. Stat. 22:656, however, the Defendants did not file claims contradictorily against each other. First Colony submits that Defendants have no right to the penalties claimed as First Colony filed its Complaint for Interpleader within 60 days of receipt of proof of the Insured's death, and, thereafter, deposited the death benefit, plus interest, into the registry of this Court pursuant to the Court's Order. First Colony also submits that it should be dismissed from further liability for any benefits payable on account of the death of Stephanie B. Kreppein, dismissed as a party to this action, and awarded the attorney fees and costs which it has incurred in prosecuting its Complaint for Interpleader.

I.     **FACTS**

   A.   **The Policy**

First Colony received an Application for Life Insurance (the "Application") signed by Stephanie B. Kreppein as proposed Insured and Owner.[1] In the Application, Alfred J. Kreppein Jr. ("Kreppein") was designated Primary Beneficiary, and Ryan Brice Crane and Laurel Ashley Crane

---

[1]  Affidavit of John Pettit attached hereto as Exhibit 1.

were designated as Contingent Beneficiaries.[2]

First Colony issued Term Life Policy number 6,294,192 with Stephanie B. Kreppein as Owner and Insured (the "Policy"), and a Policy Date of March 25, 2003.[3]  On or about August 3, 2005, First Colony received a copy of a Petition for Divorce filed on behalf of Kreppein in a matter entitled *Alfred J. Kreppein, Jr. v. Stephanie Boytner Kreppein*, no. 2005-10347 on the docket of the Civil District Court for the Parish of Orleans ("Petition for Divorce").[4]

On or about August 29, 2005, First Colony received a letter from attorney Roy H. Maughan, Jr.  The letter states:

> Our office represents Stephanie Kreppein who is the owner of the captioned policy.  A divorce proceeding is pending.  Copies of relevant pleadings are enclosed.  Ms. Kreppein desires to change the beneficiary designation on the policy to name her children as beneficiaries.  The executed Change of Beneficiary Form is enclosed. Please process and send me confirmation that this change has been implemented.[5]

Attached to Mr. Maughan's letter was a Policy Change Form - Part 1 which bears the signature of the Owner, Stephanie B. Kreppein.[6]  In section 3 of the Policy Change Form, under the heading "Change of Beneficiary,"  Stephanie B. Kreppein, Owner, revoked all prior beneficiary designations and designated Ryan Brice Crane ("Crane") and Laurel Crane Luquette ("Luquette")

---

[2]  *Id.*

[3]  *Id.*

[4]  *Id.*

[5]  *See* Exhibit 1, Tab D.

[6]  *See* Exhibit 1, Tab D.

as the Primary Beneficiaries under the Policy.[7]

On August 30, 2005, First Colony wrote to the Owner, Stephanie B. Kreppein, that the Change of Beneficiary had been recorded in its records.[8]

### B.   Claims for Death Benefit Under the Policy

First Colony's records reflect that on October 13, 2006, it received notice, in a telephone call from counsel for Kreppein, that Stephanie Kreppein died.[9]   On October 21, 2005, First Colony received a telephone call from Jamie Crane, who identified herself as the Insured's daughter-in-law, that the Insured had died on October 11, 2005.[10]   On October 24, 2005, First Colony wrote to counsel for defendants  Crane and Luquette that "since you indicated you would like to file a claim on behalf of Ryan Crane and Laurel Luquette, I am faxing claim forms to you and mailing originals today as well."[11]   On that same date, First Colony wrote to counsel for Kreppein that "since you indicated you would like to file a claim on behalf of Alfred Kreppein, I am faxing claim forms to you and mailing originals today as well."[12]

On November 10, 2005, First Colony received a Proof of Loss Claimant's Statement and a death certificate from counsel for Crane and Luquette.[13] On November 18, 2005, First Colony wrote

---

[7] *See* Exhibit 1, Tab D.

[8] *See* Exhibit 1, Tab E.

[9] *See* Exhibit 1.

[10] *See* Exhibit 1.

[11] *See* Exhibit 1, Tab F.

[12] *See* Exhibit 1, Tab G.

[13] *See* Exhibit 1, Tab H.

to counsel for Crane and Luquette acknowledging receipt of the claim forms and death certificate.[14] In that letter, First Colony also stated "we have been notified of a claim on behalf of Alfred Kreppein on this file as well. This information is being reviewed and we will be back in touch with you in the near future concerning this matter."[15] On December 30, 2005, First Colony received a Proof of Loss Claimant's Statement and a death certificate from counsel for Kreppein.[16]   On January 9, 2006, First Colony wrote to the attorney for Kreppein acknowledging receipt of the claim forms and death certificate. In that letter, First Colony also stated "As you are aware, we have a claim filed on behalf of Laurel Crane and Ryan Crane as well."[17]

Because there were conflicting claims regarding entitlement to the Policy death benefit, First Colony filed its Complaint for Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure. In its Complaint, First Colony prayed for, *inter alia*, an Order allowing it to pay the death benefit under the Policy, together with interest, into the registry of the court. On January 5, 2006, the Court entered an Order that the Clerk of Court accept for deposit a check into the registry of the court representing the Policy death benefit, plus interest. Deposit was made by First Colony on January 17, 2006 in the amount of $503,458.90.

### C. Defendants' Claims

Defendants have not asserted any claims against each other. Defendants Crane and Luquette claim that "despite First Colony's assertion that there are conflicting claims for death benefits, its

---

[14] *See* Exhibit 1, Tab I.

[15] *See* Exhibit 1, Tab I.

[16] *See* Exhibit 1, Tab J.

[17] *See* Exhibit 1, Tab K.

- 5 -

complaint reveals that no claim for death benefits has been filed on behalf of Alfred J. Kreppein, Jr."[18] Defendants Crane and Luquette claim that they are entitled to penalties because "First Colony did fail to pay and has refused to pay death benefits to Crane and Luquette even though more than sixty (60) days has passed since the date satisfactory proof of loss was furnished to First Colony and even though no conflicting proof of claim had been filed with First Colony asserting the right to death benefits."[19]

Defendant Kreppein claims that "First Colony Life Insurance Company received notification and a certified copy of the Judgment prohibiting the insured from changing the name of the beneficiary. Despite this notification, the beneficiary was changed by First Colony Life Insurance Company."[20]

## II. ARGUMENT AND THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate when the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Federal Rule of Civil Procedure 56C; *Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993), cert. denied, 508 U.S. 956 (1993); see also *Celotex Corp v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 273, 106 S.Ct. 2548, 2552 (1986).

Once the moving party supports its motion with affidavits and/or other evidence sufficient to show the absence of a genuine issue of material fact, the "opponent must do more than simply

---

[18]   Counterclaim of Crane and Luquette, paragraph IV.  (Rec. no.9)

[19]   Counterclaim of Crane and Luquette, paragraph VI.  (Rec. no.9)

[20]   Counterclaim of Kreppein, paragraph V.  (Rec. no.10)

show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L.Ed.2d 538, 552, 106 S.Ct. 1348, 1356 (1986). The "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

As set forth herein, there is no genuine issue as to the material facts, and judgment in favor of First Colony is appropriate as a matter of law.

**B. First Colony Has No Further Liability Under the Policy and Should be Dismissed from this Action.**

In its Interpleader, First Colony prayed, in part, that the Defendants be ordered to interplead and settle among themselves their right to the Policy death benefit. Interpleader is a procedural device which entitles a person holding money or property belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund. *See White v. FDIC*, 19 F3d 249, 251 (5th Cir. 1994). The purpose of interpleader is to enable the plaintiff-stakeholder to avoid "the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing." *Hussain v. Boston Old Colony Ins. Co.*, 311 F3d 623 (5th Cir. 2002) (citations omitted). Inasmuch as both Crane and Luquette, on the one hand, and Kreppein on the other, each claim entitlement to the entire Policy death benefit, Interpleader is appropriate in this case. First Colony has deposited the full amount of the Policy death benefit, with interest, into the registry of this Court. Accordingly, First Colony has no further

received notice that the Policy death benefit was being claimed by Crane and Luquette, and by Kreppein. The fact that First Colony had not received a written proof of loss form from Kreppein prior to the time that the Interpleader was filed does not give rise to a claim for penalties.[21]

Defendant Kreppein argues that he is entitled to penalties under La. Rev. Stat. 22:656 because First Colony changed the beneficiary under the Policy pursuant to the Owner's request. Kreppein has not stated a cause of action for penalties against First Colony. *See American Home Life Ins. Co. v. Barber*, 2003 WL 21289986 (D. Kan. 2003) (penalty statue inapplicable where insurer deposited policy proceeds with court).

Moreover, the penalty statute on which Defendants rely does not provide the relief sought. La. Rev. Stat. 22:656 provides for penalties in the event that an insurer fails to pay benefits under a life insurance policy within sixty days after the date of receipt of due proof of death, when the failure to pay is without just cause. First Colony received proof of the Insured's death on November 10, 2005. On December 27, 2005, First Colony filed its Complaint for Interpleader, and thereafter, pursuant to the Court's Order dated entered on January 5, 2006, First Colony deposited the Policy death benefit, plus interest, into the registry of this Court. First Colony filed its Interpleader within 60 days of receipt of proof of death. Therefore, the penalty under La. Rev. Stat. 22:656 is inapplicable.

First Colony is a mere stakeholder and claims no beneficial interest in the Policy death benefit. First Colony received notice of conflicting claims, and it could not pay the death benefit without exposing itself to the possibility of double liability. First Colony filed its Interpleader within

---

[21] On December 30, 2005, three days after the Interpleader was filed, First Colony received the written Proof of Loss Claimant's Statement and a death certificate from counsel for Kreppein.

- 9 -

60 days of receipt of proof of loss, and, deposited the death benefit, plus interest, into the registry of this Court. Therefore, no penalty is owed the Defendants.

First Colony also submits that, as a matter of law, it is entitled to discharge from further liability under the Policy, and should be dismissed as a party to this action, as it was a disinterested stakeholder with no claim to the funds which were timely deposited into the registry of the court. *See* La. Code Civ. Proc. Art. 4658; 28 U.S.C. §2361 (a district court may discharge the plaintiff from further liability); *Gonsoulin v. Shell Oil Co.*, 321 F. Supp. 900 (W.D. La. 1971); *Metropolitan Life Insurance Company v. Foley*, 2002 W.L. 31399787 (E.D. La. 2002) (if the Court determines that the stakeholder is not interested, he may be dismissed from the action). "Where an insurance company is a mere stakeholder and can contribute nothing toward resolution of the issues between the parties, its interpleader action is properly filed, and no genuine issue exists as to its rights and liabilities, it should be discharged from any and all liability arising out of or based on the policies involved, except to pay the proceeds of such policies to the party or parties ultimately adjudged to be entitled thereto." *American Home Life Ins. Co. v. Barber*, 2003 WL 21289986 (D. Kan. 2003) (citations omitted). Thus, First Colony should be dismissed from further liability for any benefits payable on account of the death of Stephanie B. Kreppein, and dismissed as a party to this action.

C. **First Colony is Entitled to the Attorney Fees and Costs Incurred in Connection with the Complaint for Interpleader Including Those Incurred in Bringing This Motion.**

First Colony submits that it is entitled to the attorneys' fees and costs incurred in prosecuting its Complaint for Interpleader, including the attorneys' fees and costs incurred in bringing this Motion, and that those fees and costs should be assessed against Defendants.

- 10 -

As a general rule, attorneys' fees and costs are awarded to the disinterested stakeholder which concedes liability in full, deposits the disputed funds into the registry of the Court and seeks a discharge. *Murphy v. Travelers Ins. Co.*, 534 F2d 1155 (5th Cir. 1976). *See also Metropolitan Life Insurance Company v. Foley*, 2002 W.L. 31399787 (E.D. La. 2002); *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1310 (5th Cir. 1980); *Gulf Oil Corp. v. Olivier, 412 F.2d 938, 946* (5th Cir. 1969); *Prudential Ins. Co. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) and *United Bank of Denver, N.A. v. Oxford Properties, Inc.*, 683 F. Supp. 755, 756 (D. Colo. 1988). The award of attorneys' fees and costs rests within the sole discretion of the trial judge. *See Gulf Oil v. Olivier*, supra.

First Colony submits that it is entitled to an award of attorneys' fees and costs incurred in connection with the Complaint for Interpleader and in having to bring a Motion for Summary Judgment, in an amount to be determined by this Court.

## III. CONCLUSION

For the reasons set forth above, First Colony is entitled to summary judgment in its favor and against Defendants, Alfred J. Kreppein, Jr., Ryan Brice Crane and Laurel Crane Luquette, dismissing the counter-claims of Defendants, Alfred J. Kreppein, Jr., Ryan Brice Crane and Laurel Crane Luquette for statutory penalties, dismissing First Colony from further liability for any benefits payable on account of the death of Stephanie B. Kreppein, dismissing First Colony as a party to this action, and awarding to First Colony the attorney fees and costs which it has incurred in prosecuting its Complaint for Interpleader.

- 11 -

Respectfully submitted:

PREAUS, RODDY & ASSOCIATES, L.L.P.

*Virginia N. Roddy*

VIRGINIA N. RODDY, T.A. (11367)
JENNIFER M. LAWRENCE (23829)
MAYRA L. SCHEUERMANN (23190)
650 Poydras Street, Suite 1650
New Orleans, LA 70130
Telephone: (504) 523-2111

ATTORNEYS FOR FIRST COLONY LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 18th day of September, 2006, I served a copy of the

foregoing pleading on counsel listed below by Federal Express.

| | |
|---|---|
| Roy H. Maughan, Esq. | Fred E. Salley, Esq. |
| Maughan, Maughan & Lormand, LLC | Salley & Associates |
| 634 Connell's Park Lane | P.O. Box 3549 |
| Baton Rouge, LA 70806 | Covington, LA 70434 |

Sandra S. Salley, Esq.
Salley & Salley
Suite 510
3445 N. Causeway Blvd.
Metairie, LA 70002

*Virginia N. Roddy*

- 12 -