UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FIRST COLONY LIFE INSURANCE COMPANY     CIVIL ACTION

VERSUS     NO. 05-6849

ALFRED J. KREPPEIN, JR., ET AL.     SECTION "A"(1)

## ORDER & REASONS

Before the Court is a **Motion for Summary Judgment for Attorney's Fees and Costs (Rec. Doc. 25)** filed by the Plaintiff in Interpleader and set for hearing on the briefs. Defendants oppose the Motion. For the reasons that follow, the Motion is **GRANTED** in part, and **REFERRED** in part.

## I. Background

Following the death of its insured, Plaintiff First Colony filed the instant Complaint for Interpleader[1] on December 27, 2005. First Colony filed the Complaint for Interpleader after both the children of the deceased, and a former husband, notified it of competing claims to the death benefit. Under the life insurance policy, upon the death of the insured, First Colony became obligated to pay the sum of $500,000, plus applicable interest, to the person/s rightfully entitled to the benefit.

---

[1] Rec. Doc. 1

On January 25, 2007, the Court granted First Colony's Motion for Summary Judgment dismissing the counter-claims of defendants, dismissing it from any further liability, and dismissing it from the action except for the limited issue of determining entitlement to attorney's fees and costs.[2]

## II. Discussion

First Colony seeks an award of $22,108.36 in attorney's fees and costs for prosecuting the Complaint in Interpleader.[3] In support of this award, First Colony notes that it "was a disinterested stakeholder which conceded liability in full, deposited the disputed funds into the registry of the Court and sought a discharge."[4] Further, First Colony asserts that "the major portion of the attorney's fees and costs incurred...was generated as a result of the actions of defendants."[5]

Defendants Ryan Crane and Laurel Luquette, the children of the deceased, oppose the Motion on the grounds that there was not a "real risk of vexatious, conflicting claims to the proceeds of Ms. Kreppein's life insurance policy when First Colony filed the Interplead[er] in this matter."[6] Accordingly, Defendants argue that an award of attorney's fees and costs is not justified.[7]

---

[2] Rec. Doc. 57; by agreement of all the parties

[3] Pla. Supplemental Memo in Support of MSJ, Exh. 1, 2

[4] Pla. Supplemental Memo in Support of MSJ, p. 4

[5] *Id.*

[6] Def. Ryan Crane and Laurel Luquette Memo in Opp. to MSJ, p. 2

[7] In addition, the Court notes that all Defendants assert that the amount of attorney's fees and costs sought by First Colony is too high.

Defendant Alfred Kreppein, a former husband of the deceased, argues that "First Colony should not be permitted to transfer the costs of its discretionary litigation strategy by deducting these amounts from the agreed policy proceeds; especially since it is clear that the only motivation for the filing in federal court was a perceived convenience benefitting only First Colony."[8]

A district court has the authority to award reasonable attorney's fees in interpleader actions. *Rhoades v. Casey*, 196 F.3d 592 (5th Cir. 1999). The award of attorney's fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants. *Id*. at 603. Moreover, as noted in Wright, Miller, & Kane, Federal Practice and Procedure:

> Because of the discretionary character of the court's power, and because its exercise depletes the fund, costs and fees will not be allowed as a matter of course. Typically, they are available only when the party initiating the interpleader is acting as a mere stakeholder, which means that he has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability.

7 Charles Alan Wright et al., Federal Practice and Procedure, § 1719 (3d ed. 2007).

In this instance, the Court finds that First Colony had admitted liability,[9] deposited the funds into the registry of the Court,[10] and asked to be relieved of any further liability, in a timely manner.[11] Therefore, the Court finds that First Colony has acted in good faith as a disinterested stakeholder, and is entitled to an award of attorney's fees and costs. However, the specific

---

[8] Def. Kreppein Memo in Opp. to MSJ, p. 2, 3

[9] Pla. Complaint ¶ 17

[10] Rec. Doc. 4

[11] Pla. Memo in Supp. of MSJ, p. 1

amount of the attorney's fees and costs award is referred to the United States Magistrate Judge for a reasonableness determination.

Accordingly;

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment for Attorney's Fees and Costs (Rec. Doc. 25)** is hereby **GRANTED** in part, and **REFERRED** in part. First Colony is entitled to attorney's fees and costs.

**IT IS FURTHER ORDERED** that the amount of the attorney's fees and costs award is referred to the United States Magistrate Judge in order to determine reasonable attorney's fees.

New Orleans, Louisiana, Thursday, April 5, 2007.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE