UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FIRST COLONY INSURANCE COMPANY                    CIVIL ACTION

VERSUS                                             NO. 05-6849

ALFRED KREPPEIN, ET AL.                            SECTION "A"(1)

## ORDER & REASONS

Before the Court is the portion of Plaintiff First Colony Life Insurance Company's **Motion for Summary Judgment (Rec. Doc. 25)** seeking attorneys' fees and costs. Defendant Alfred Kreppein opposes the award generally. The Court having considered the record, the applicable law, and Defendant Kreppein's objections to the magistrate judge's Report and Recommendation, hereby concurs with the Report and Recommendation of the United States Magistrate Judge with regards to subtracting the time spent investigating, preparing, and filing the interpleader complaint. However, the Court finds that in light of the facts and circumstances of this case, an award of $9,951 in attorneys' fees to First Colony Life Insurance Company ("First Colony") is reasonable.

A district court has the authority and the discretion to award reasonable attorneys' fees in successful interpleader suits to a disinterested stakeholder whenever it is fair and equitable to do so. *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999). The fee is usually modest because "all that is necessary is the preparation of a petition, the deposit in the court or posting of a bond,

service on the claimants, and the preparation of an order discharging the stakeholder." Federal Practice and Procedure § 1719. As a first step, "the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyer." *Forbush v. J.C. Penny*, 98 F.3d 817, 819 (5th Cir. 1996) (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert denied*, 516 U.S. 862, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995)).

In this instance the Court is cognizant of the fact that First Colony not only prepared a complaint in interpleader, but also incurred additional attorneys' fees and costs by filing a motion for summary judgment, and responding to both a motion to dismiss and a motion for summary judgment.[1] However, the number of hours expended by counsel for First Colony was unreasonable for two principle reasons. First, and most importantly, the underlying interpleader action is a mundane exercise for an insurance company writing life insurance policies. The novelty of the case is important because of its correlation with the amount of time necessary for client contact and research. After reviewing the invoices, the Court notes that client contact and research make up a substantial portion of the fees submitted.[2] Second, the Court notes both the finite nature of the life insurance benefit at issue, as well as the eventual lack of opposition to First Colony's motion for summary judgment by one of the two competing parties in this case. Defendant Kreppein's lack of opposition only became known some four months after the motion

---

[1] As well as a supplemental memorandum on the issue of attorney's fees.

[2] Pla. Supp. Memo. in Supp., Exh. 3

for summary judgment was filed, and two years after the interpleader action was filed.[3] Had the lack of opposition come to light earlier, a substantial portion of the fees may have been avoided. Therefore, the Court finds that although the hourly rates and the hours expended by the partner and paralegal are reasonable, the 123 hours billed by the associate should be reduced to the more reasonable figure of 57 hours.

First Colony requested a total of $22,108.36 in attorneys' fees and costs. Reducing that figure in accordance with the Magistrate Judge's Recommendation produces a subtotal of $20,161.70. After further adjusting the award in accordance with this Court's finding that 57 hours of associate time is reasonable, and adding 2.8 hours of partner time, 1.9 hours of paralegal time, and costs in the amount of $696.16, the total award comes to $10,789.66.[4]

Accordingly;

**IT IS ORDERED** that the portion of Plaintiff First Colony's **Motion for Summary Judgment (Rec. Doc. 25)** seeking attorneys' fees and costs is **GRANTED in part and DENIED in part**. First Colony is awarded attorneys' fees and costs. However, the total award is for $10,789.66.

New Orleans, Louisiana, Thursday, June 21, 2007.

                                                        JAY C. ZAINEY
                                                  UNITED STATES DISTRICT JUDGE

---

[3] Minute Entry dated January 25, 2007 (Rec. Doc. 57).

[4] In making this calculation the Court notes that the billable rate for the partner and associate increased in 2006 by $5 and $10 an hour respectively.