UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FIRST COLONY INSURANCE COMPANY            CIVIL ACTION

VERSUS            NO. 05-6849

ALFRED KREPPEIN, ET AL.            SECTION "A"(1)

## ORDER & REASONS

Before the Court is a **Motion to Amend Answer (Rec. Doc. 81)** filed by Defendant Alfred Kreppein ("Kreppein").[1] Defendants Ryan Crane and Laurel Luquette ("Crane" and "Luquette") oppose the motion. The motion, set for hearing on Wednesday, May 16, 2007, is before the Court on the briefs. For the reasons that follow, the motion is **GRANTED in part and DENIED in part**.

## I. BACKGROUND

On December 27, 2005, Plaintiff First Colony Life Insurance Company ("First Colony") filed a Complaint for Interpleader **(Rec. Doc. # 1)** pursuant to Rule 22 of the Federal Rules of Civil Procedure. The interpleader action was filed after several individuals asserted claims to a death benefit under a First Colony life insurance policy.

Under the applicable policy, upon the death of the insured, First Colony became obligated to pay the sum of $500,000, plus applicable interest, to the person/s rightfully entitled to the death benefit. After depositing the funds into the registry of the court, First Colony filed a motion for summary judgment which this Court granted on January 25, 2007.[2]

---

[1] The Court also notes that Defendants Crane and Luquette have filed a Motion to Strike which the Court grants only insofar as it is consistent with this Order & Reasons.

[2] Rec. Doc. 70

Following First Colony's dismissal, the Court, noting the lack of any pleadings by Defendant Kreppein to establish his entitlement to the life insurance proceeds, advised the parties that it would "entertain a motion by Kreppein seeking leave to amend his pleadings...within fifteen days."[3] In addition, following a subsequent status conference, the Court entered an order allowing both parties to "raise issues related to the legal effect of the temporary restraining order, the mental capacity of the decedent, and the jurisdiction of this Court in cross-dispositive motions."[4]

Since that time, Defendant Kreppein has filed a motion to amend his answer asserting several defenses and adding a cross-claim and third-party complaint.[5] Defendants Crane and Luquette have filed a motion to strike.

## II. ARGUMENTS

Defendant Kreppein seeks leave to amend his answer to the original interpleader, add a cross-claim pursuant to Federal Rule of Civil Procedure 13, and file a third-party claim pursuant to Federal Rule of Civil Procedure 14.[6] In support, Defendant Kreppein cites this Court's order denying Defendants Crane and Luquette summary judgment.[7]

Defendants Crane and Luquette oppose any grant of leave to add a cross-claim and third-party complaint. Crane and Luquette argue that: 1) no allegations of fact have been pled to

---

[3] Rec. Doc. 69

[4] See Minute Entry (Rec. Doc. 82)

[5] Def. Kreppein Amended Answer

[6] Rec. Doc. 81

[7] Def. Kreppein Memo in Supp. p 1. Although Defendant Kreppein notes that this order was dated May 10, 2007, it was actually dated April 10, 2007.

support the existence of subject matter jurisdiction over such claims, 2) the allegations do not rise out of the same transaction or occurrence for purposes of Federal Rule of Civil Procedure 13, and 3) Defendant Kreppein provides no basis for subject matter jurisdiction.

## III. DISCUSSION

Two issues are presented to this Court as a result of Defendant Kreppein's motion. First, whether the Court should grant leave for Defendant Kreppein to amend his answer, including the portion seeking to add a cross-claim and third-party complaint. Second, whether the Court can or should exercise supplemental jurisdiction over the additional claims asserted.

### Leave to Amend

Under Federal Rule of Civil Procedure 15, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15. The Court finds that allowing Defendant Kreppein to file an amended answer asserting affirmative defenses to the original action is in the interest of justice. Defendant Kreppein initially sought to litigate his claims to the life insurance proceeds solely with the interpleader plaintiff, First Colony. Thereafter, First Colony was dismissed from the instant litigation following a finding by the Court that it was a mere stakeholder.[8] Accordingly, any dispute to the life insurance proceeds at issue must be litigated between the two remaining parties claiming an interest in the life insurance proceeds. Consistent with this approach the Court has tried to focus the instant contractual litigation on the applicability and enforceability of the temporary restraining order, the mental capacity of the decedent at the time of the change of

---

[8] Rec. Doc. 57, 70

beneficiary, and the jurisdiction of this Court.[9]

With that focus in mind, the Court denies leave with respect to the portion of Defendant Kreppein's motion seeking to add a cross-claim and third-party complaint. Even assuming that this Court were inclined to grant leave to assert such claims at this late stage of the proceedings, it nevertheless declines to exercise supplemental jurisdiction over the claims presented in both the cross-claim and third party complaint pursuant to 28 U.S.C.A. § 1367(c).

## Jurisdiction

The Court has previously ruled on the issue of jurisdiction over this litigation in response to Defendant Kreppein's motion to dismiss.[10] The instant litigation is a rule interpleader brought pursuant to Federal Rule of Civil Procedure 22, and over which this Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332. With that jurisdictional backdrop in mind, Defendant Kreppein seeks to add a cross-claim and third-party complaint adding claims arising out of: 1) misrepresentations surrounding separate and community property, 2) the removal of separate funds from a joint banking account, 3) a conspiracy to change a last will and testament, 4) a change in the listed beneficiary on a life insurance policy, 5) the sale of a former matrimonial domicile allegedly subject to a usufruct, 6) tortious interference with contracts, and 7) the general allegation that one of the additional defendants took these actions under color of state law and in violation of 42 U.S.C.A. § 1983.

Under 28 U.S.C.A. § 1367(a), "[e]xcept as provided in subsections (b) and (c) or as

---

[9] See Minute Entry (Rec. Doc. 69, 82)

[10] See Order & Reasons (Rec. Doc. 52)

4

expressly provided otherwise by federal statute...the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Section 1367(b) reads in pertinent part: "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure...when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C.A. § 1367(b).

Lastly, under Section 1367 (c), "a district court may decline to exercise supplemental jurisdiction under subsection (a) if . . . (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction [or] (3) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C.A. § 1367(c).

In this instance, there are several reasons that favor declining supplemental jurisdiction over the claims raised in the cross-claim and third-party complaint.  First, the Court finds that all of the additional claims lodged by Defendant Kreppein generally arise out of underlying succession and divorce proceedings that are not part of the same controversy as the instant life insurance contractual dispute.  Second, even assuming that these assorted claims arose out of the same case or controversy, they would substantially predominate over the contractual claims over which this court has original jurisdiction.[11]

---

[11] 28 U.S.C.A. § 1367(c)(2).

Third, the Court notes that there are ongoing and pending collateral proceedings in a Louisiana state court addressing precisely these issues.[12] Accordingly, any ruling by this court might produce conflicting rulings with the effect of offending federal and state judicial comity. Fourth, and specifically directed toward Defendant Kreppein's third party complaint, there is a question as to whether this Court can have supplemental jurisdiction over his claims as a third party plaintiff against persons made parties under Rule 14.[13] Section 1367(b) would be clearly applicable were it not for the unique nature of the diversity requirements under Federal Rule of Civil Procedure 22. In any case, adding two additional in-state defendants at this late stage of the proceedings is arguably inconsistent with the jurisdictional requirements of 28 U.S.C.A. §1332.

It is important to keep in mind that this suit arises out of a dispute over entitlement to life insurance proceeds. Such a dispute may properly be categorized as a contractual dispute. However, along with amending his answer, Defendant Kreppein seeks to add several broad and ill-defined causes of action, which, in most cases are, and in others should be, the subject of underlying succession and divorce proceedings with his now deceased ex-wife or her estate.

Defendant Kreppein also seeks leave to add both the mother of his deceased ex-wife, and the attorney of the daughters of his deceased ex-wife as "indispensable" parties to this litigation.[14] As previously noted, the third-party complaint directed toward these additional defendants adds causes of action related to a conspiracy to remove separate funds from a joint bank account,

---

[12] Def. Crane and Luquette Memo in Supp of MSJ, pp. 6-8, Exh. 9-16

[13] 28 U.S.C.A. § 1367(b); Fed. R. Civ. P. 14

[14] Def. Kreppein Amended Answer, p. 3

selling a former matrimonial domicile subject to a usufruct, revoking a last will and testament, and changing a listed beneficiary on the life insurance policy. Furthermore, Defendant Kreppein alleges that at least one additional defendant committed such acts under the color of state law, and seeks a recovery under 42 U.S.C.A. § 1983. Such claims, with one exception, clearly belong in the underlying state proceedings.

The only claim that *arguably* should be brought into the instant litigation is the conspiracy to change a listed beneficiary. However, along with any claims for tortious interference with contracts, this claim sounds in tort and may be litigated in a subsequent proceeding because the Court is merely declining to exercise jurisdiction. In any event, for purposes of this litigation, Defendant Kreppein, in his amended answer, has now plead breach of contract.

Therefore, without addressing the merits of each additional cause of action, the Court declines to exercise supplemental jurisdiction over any claims involving 1) misrepresentations made regarding separate and community property, 2) the removal of separate funds from a joint banking account, 3) a conspiracy to change a last will and testament, 4) a conspiracy to change a listed beneficiary, 5) the sale of a former matrimonial domicile, and 6) tortious interference with contracts. Accordingly, this litigation will proceed to the cross-dispositive motion phase and **ONLY** address the effect of the temporary restraining order on the change of beneficiary, the mental capacity of the deceased, and the alleged breach of contract in changing the listed beneficiary.

Accordingly;

**IT IS ORDERED** that Defendant's **Motion to Amend Answer (Rec. Doc. 81)** is

**GRANTED in part and DENIED in part**. Defendant Kreppein is granted leave to amend his answer. However, the Court denies Defendant Kreppein leave to file his cross-claim and third party complaint. The Court also declines to exercise supplemental jurisdiction over the claims asserted in both the cross-claim and third-party complaint pursuant to 28 U.S.C. A. § 1367(c).

**IT IS FURTHER ORDERED** that Defendants Crane and Luquette's **Motion to Strike (Rec. Doc. 83)** is **GRANTED** insofar as it relates to Defendant Kreppein's cross-claim and third party complaint and is consistent with this Order & Reasons. The only issues this Court will address are the effects, if any, of the TRO on the change of beneficiary, the mental capacity of the deceased at the time of the purported change of beneficiary, and the alleged breach of contract in changing the beneficiary.

New Orleans, Louisiana, Monday, June 25, 2007.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE