## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**FIRST COLONY LIFE INSURANCE**           **CIVIL ACTION**
**COMPANY**

**VERSUS**           **NO. 05-6849**

**ALFRED J. KREPPEIN, JR., RYAN BRICE**         **SECTION "T" (1)**
**CRANE AND LAUREL CRANE LUQUETTE**

### ORDER AND REASONS

Before the Court is a Motion For Reconsideration filed by Defendant, Alfred J. Kreppin, requesting this Court reconsider its August 24, 2007, Order granting the Motion for Summary Judgment of Co-Defendants, Ryan Brice Crane and Laurel Crane Luquette. Rec. Doc. 106. The Co-Defendants filed an Opposition to the Motion. Rec. Doc. 108. The matter came for hearing without oral argument on November 14, 2007, and was submitted on the briefs. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## I.      BACKGROUND

First Colony Life Insurance Company instituted this Interpleader Action pursuant to FRCP 22 requesting the Court order Alfred J. Kreppin, Jr. (hereinafter, "Kreppin"), Ryan Brice Crane (hereinafter, "Crane") and Laurel Crane Luquette (hereinafter, "Luquette") to interplead and settle among themselves their respective rights, if any, to the life insurance policy death benefit of decedent, Stephanie B. Kreppin (hereinafter, "decedent"). Rec. Doc. 1.

The decedent and Kreppein were married in November, 2000. Subsequently, both purchased life insurance policies naming the other as the sole beneficiary. Crane and Luquette were originally named as contingent beneficiaries. Rec. Doc. No. 25-2, p. 1.

Decedent moved out of her home with Kreppein on July 28, 2005.  Rec. Doc. No. 85, p. 3. On August 2, 2005, Kreppein filed for divorce in state court and obtained a temporary restraining order prohibiting decedent from, *inter alia*, changing the beneficiary on her life insurance policy. On August 29, 2005, First Colony received a Policy Change Form, signed by decedent, revoking all prior beneficiary designations and designating Crane and Luquette as the primary beneficiaries on the Policy.  Rec. Doc. No. 25-2, p. 2.  Stephanie B. Kreppin died on October 11, 2005.

According to the policy, First Colony Insurance Company (hereinafter, "First Colony") is obligated to pay the sum of $500,000, plus applicable interest, to the person or persons rightfully entitled to the same upon the death of Stephanie B. Kreppein.  Both Kreppein and Crane and Luquette sought to be persons entitled to the policy pay out.  Because there was an issue as to which parties were the rightful beneficiary, this action was filed and immediately upon instituting this action, First Colony deposited the funds at stake into the registry of the court.

Cross-Motions for Summary Judgment followed by Kreppein and Crane and Luquette arguing that each was entitled to the policy proceeds.  In sum, Kreppein argued that the decedent lacked contractual capacity to change the beneficiary form prior to her death; that Kreppein and decedent entered into a mutual agreement that required that neither was able to change the beneficiary designation in their respective policies to name a beneficiary other than themselves; and the decedent was prohibited from changing the beneficiary because of a pending Temporary Restraining Order in effect in the state court divorce action.  Rec. Docs.  85, 88.

Crane and Luquette's Motion argued, in sum, that they were the rightful beneficiaries because at the time of the change, the decedent had the adequate contractual capacity; there was not sufficient evidence to support Kreppein's argument that he and decedent had mutually agreed upon

2

the reciprocal obligation alleged; there was not a Temporary Restraining Order in effect when the change of beneficiary form was executed and alternatively, if there was, it was not applicable to the decedent's actions; and this Court lacked authority to determine whether or not the change in beneficiary form was contrary to the Temporary Restraining Order.   Rec. Docs.  51, 83, 94.

This Court granted Crane and Luquette's Motion for Summary Judgment finding: (1) there was insufficient evidence to overcome the presumption of decedent's contractual capacity at the time she executed the change of beneficiary form; (2) because there was no evidence demonstrating that the decedent sought to designate Kreppein as an irrevocable beneficiary under the policy and further, because the only evidence introduced in support of the allegation that Kreppein and the decedent entered into mutual reciprocal obligations to contract away their rights to change beneficiary, was a self-serving affidavit of Kreppein and his insurance agent, the Court found Kreppein's argument that the policy could not be changed based upon such an alleged mutual obligation without merit; and (3) that the state court Temporary Restraining Order was not in effect on the date the change of beneficiary was made because it had expired.   Rec. Doc. 103.   The instant Motion for Reconsideration pursuant to FRCP 59(e) followed on September 10, 2007.

## II.     LAW AND ANALYSIS

Although Kreppein has termed the instant Motion as one for a new trial pursuant to FRCP 59, the Motion was filed outside the ten day time period provided in the Rule.   Nevertheless, a motion filed after judgment requesting that the court reconsider its decision constitutes either a motion to "alter or amend" under FRCP 59(e) or a motion for "relief from judgment" under FRCP 60(b). *Texas A&M Research Foundation v. Magna Transp., Inc.,* 338 F.3d 394, 400-401 (5th Cir 2003).  "Under which Rule the motion falls turns on the time at which the motion is [filed].  If the

3

motion is [filed no later than] ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is [filed] after that time, it falls under Rule 60(b)." *Id. citing Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990), abrogated on other grounds by *Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir.1994) (en banc).  Here, Kreppein's motion was filed more than ten days after the entry of the Order, so the Court treats it as a motion for relief from judgment under rule 60(b).

Federal Rules of Civil Procedure Rule 60(b) provides the following grounds for relief from an Order of the Court:

> Rule 60. Relief from a Judgment or Order
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts.  *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. 1981).  "[T]he decision to grant or deny relief under Rule

60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996) (en banc) (citations omitted).

Kreppein's Motion argues that the Court committed legal error and mistake in its analysis and therefore, it should reconsider its order. Kreppein does not challenge that portion of the Court's Order finding that decedent had the contractual capacity to the make the beneficiary change in August 2005, nor does he challenge the Court's findings that the evidence showed no agreement between Kreppein and the decedent to mutually contract away their rights to change the beneficiary form on their respective life insurance policies. Rec. Doc. 106 at p. 2. Although Kreppein does not re-urge these arguments, he specifically reserves any such rights for appeal. Rec Doc. 106 at p. 2. Accordingly, Kreppein's Motion challenges only that portion of the Court's Order finding that at the time decedent changed the life insurance beneficiary form, the state court Temporary Restraining Order was expired.

Kreppein argues that the Court erroneously failed to consider subsection (B) of LSA-CCP art. 3604 in its analysis, but rather relied solely upon subsection (A) of that Articel. Article 3604 provides, in pertinent part:

> Art. 3604. Form, contents, and duration of restraining order
>
> A. A temporary restraining order shall be endorsed with the date and hour of issuance; shall be filed in the clerk's office and entered of record; shall state why the order was granted without notice and hearing; and shall expire by its terms within such time after entry, not to exceed ten days, as the court prescribes. A restraining order, for good cause shown, and at any time before its expiration, may be extended by the court for one or more periods not exceeding ten days each. The party against whom the order is directed may consent that it be extended for a longer period. The reasons for each extension shall be entered of record.

5

               B. Nevertheless, a temporary restraining order issued in conjunction with a rule to show cause for a preliminary injunction prohibiting a spouse from:

               (1) Disposing of or encumbering community property;

               (2) Harming the other spouse or a child; or

               (3) Removing a child from the jurisdiction of the court, in a suit for divorce shall remain in force until a hearing is held on the rule for the preliminary injunction.

LSA-CCP art. 3604.

Kreppein argues that the Temporary Restraining Order ("TRO") prohibited decedent not only from alienating, encumbering or disposing of any or all of the assets of the community but also from, *inter alia*, changing the ownership and/or beneficiaries of any policies of life insurance insuring the lives of the either party.  See Rec. Doc. 106 at p. 11.  Kreppein urges that subsection (B) is theh applicable section and provides an exception to the ten day rule proscribed in subsection (A); therefore, in those circumstances where subsection (B) is applicable (like this case), the TRO remains in effect until the time a hearing is held on a preliminary injunction.  According to Kreppein, a TRO under subsection (B) does not expire by its own terms ten days after issuance, but rather remains in effect until such time as a hearing is had, whenever that might occur.

Because subsection (B) applies, Kreppein argues that the earliest the TRO could have expired was August 16, 2005, not the August 12, 2005, date decided by the Court in its Order.  Kreppein points out that the original hearing was continued due to the agreement of the parties and with the approval of the court[1], with the only issue remaining was when the new date would be set.  Thus, Kreppein sustains that the TRO remained in effect despite the continuance because the spirit

---

[1]Kreppein points out that counsel contacted the Court to take the August 16, 2005 date off of the Court's calendar as the parties had agreed to continue the hearing.  However, no formal order to that effect was entered and no formal order extending the TRO was filed or executed.

and purpose behind the issuance of a TRO pursuant to subsection (B), i.e. to protect a spouse who files for divorce from alienation of community property until a hearing can be had on the preliminary injunction, should be construed as requiring that the TRO remain in effect until formally dissolved or until the hearing on the preliminary injunction is held, "whenever that may be."  Rec. Doc. 106 at p. 8.  Since at the time the decedent changed her beneficiary designation to reflect Crane and Luquette as primary beneficiaries, no hearing on the preliminary injunction had been held because it had been continued without date pursuant to an agreement of the parties, Kreppein argues the TRO was in effect prohibiting the change.  Thus, Kreppein argues the change violated the TRO and the change is null.

Crane and Luquette counter that application of LSA-CCP art. 3604(B) article does not require reconsideration because the TRO still would have expired the day of the originally scheduled preliminary injunction hearing, i.e. August 16, 2005, when no formal motion was filed and no motion to extend the TRO was filed with the Court.  Rec. Doc. 108 at p. 4.  In other words, without a formal extension filed with the state court and/or an order extending the TRO past the August 16, 2005, initial hearing setting, the TRO dissolved by its own terms.

Kreppein is correct that LSA-CCP art. 3604(B) is clearly an exception to the general rule announced in Article 3604(A) that a TRO expires 10 days after its issuance.  However, Article 3604(B) does not address whether a TRO extends past the initial date set for the hearing to show cause.  In other words, the article is silent as to whether or not the TRO would extend indefinitely, until such time as a hearing on the preliminary injunction could be had.  Here, the preliminary injunction hearing was set, then continued without date.  Kreppein urges that because the article does not specify that dissolution will occur when the hearing does not proceed on its "first setting"

7

coupled with the purpose of the TRO issued pursuant to this section, the conclusion must be that the TRO stays in effect (unless formally dissolved) until the hearing on the preliminary injunction, whenever that may be.

While the Court agrees that subsection (B) is an exception to (A), because (B) is silent as to whether the TRO would continue indefinitely or expire by its own terms in the event that the hearing is continued, the Court must look to and read that Article in conjunction with Article 3606, the more general article at LSA-CCP 3606. *Horil v. Scheinhorn*, 663 So.2d 697, 699 (La. 1995)("statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character."). LSA-CCP art. 3606 provides

> When a temporary restraining order is granted, the application for a preliminary injunction shall be assigned for hearing at the earliest possible time, subject to Article 3602, and shall take precedence over all matters except older matters of the same character. **The party who obtains a temporary restraining order shall proceed with the application for a preliminary hearing when it comes on for hearing. Upon his failure to do so, the court shall dissolve the temporary restraining order.** (Emphasis added)

Louisiana courts have applied LSA-CCP art. 3606 to cases where a TRO has been granted pursuant to Article 3604. *See Lewis v. Adams*, 679 So.2d 493, 496 (La. App. 2nd Cir. 1996). Moreover, this result is completely consistent with well-established purpose of the TRO; an order that by its terms is temporary. "A restraining order is *intended to se[r]ve only a temporary purpose*, namely, to maintain the status quo until, after a hearing, the judge determines whether the preliminary injunction, prayed for, should be granted." *Snowden v. Red River and Bayou des Glaises Levee and Drainage Dist.*, 134 So. 389, 390 (La.1931)(emphasis added). Kreppein's citation to *Davis v. Davis*, 420 So.2d 432 (La. 1982) in support of the purpose of the injunction issued in connection with the separation of the spouses pending the partition of community property

8

is misplaced. In *Davis*, Justice Lemmon rejected a husband's motion for dissolution of a preliminary injunction because the community property had not been partitioned. *Id.* at 435. The policy behind the issuance of a preliminary injunction, which is made after hearing and with proper notice to the opposing party, is unquestionably different than the policy behind the temporary injunction which, under Louisiana law, can be issued without notice and without a hearing upon the requisite showing being made. *See* LSA-CCP art. 3603. Accordingly, the policy and purpose enunciated in the *Davis* case it is inapplicable to the facts of the present case. If Kreppein's argument were to prevail, a temporary restraining would effectively become a preliminary injunction, in those instances were the parties continue to agree to continue the hearings on the preliminary injunction without date for an indefinite period of time. Yet, while the effect would be a preliminary injunction, none of the procedural prerequisites required by law being would be complied with.

Further, the parties agreement to continue the preliminary injunction hearing does not automatically extend the TRO without a court order. Article 3606 states in relevant part, "[t]he party who obtains a temporary restraining order shall proceed with the application for a preliminary injunction when it comes on for hearing. Upon his failure to do so, the court shall dissolve the temporary restraining order." LSA-CCP art. 3606. When the preliminary hearing did not occur on August 16, 2005, the burden was upon Kreppein (the party which originally sought the TRO) to request that the court extend the TRO until the next hearing date. Because he failed to do so, the TRO expired on August 16, 2005, and therefore, the decedent's change of beneficiary on August 22, 2005, was not prohibited.

## III.  CONCLUSION

For the reasons stated herein, the Court **DENIES** Kreppein's Motion for Reconsideration

but does amend the previous Order and Reasons to reflect that the TRO issued August 2, 2005, remained in effect until August 16, 2005, the date originally scheduled for the preliminary injunction hearing.  Once that date passed, and no order extending the TRO was issued, the TRO expired by its own terms in accordance with LSA-CCP art. 3606.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration, filed on behalf of the Defendant, Alfred J. Kreppein, Jr. (Rec. Doc. 106) is **DENIED.**

New Orleans, Louisiana, this 20th day of March, 2008.

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**