UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRST COLONY LIFE INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-6849** |
| **ALFRED J. KREPPEIN, JR., RYAN BRICE CRANE AND LAUREL CRANE LUQUETTE** | **SECTION "T" (1)** |

## ORDER AND REASONS

Before the Court is a Motion for Entry of Final Judgment pursuant to FRCP 54(b) filed by Plaintiff in Interpleader, First Colony Life Insurance Company. Rec. Doc. 102. No Opposition to the Motion was filed by any other party in this action. The Motion came for hearing on September 5, 2007, without oral argument and was submitted on the briefs. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.    BACKGROUND**

First Colony Life Insurance Company (hereinafter, "First Colony") filed this Action for Interpleader requesting an order mandating Defendants to interplead and settle amongst themselves their rights to the $500,000.00 life insurance policy of the decedent, Stephanie B. Kreppin. Rec. Doc. 1. All Defendants answered the Interpleader action and asserted counter-claims for statutory penalties and damages under Louisiana law. *See* Rec. Docs. 9, 10. First Colony filed a Motion for Summary Judgment arguing that it was entitled to attorney's fees and costs incurred in bringing this action and further, requested that the statutory penalties and attorney's fees sought be dismissed as a matter of law. Rec. Doc. 25. On January 25, 2007, Judge Zainey granted First Colony's Motion dismissing the counter-claims of Defendants, dismissing First Colony from any further liability, and dismissing First Colony from the action "except for the limited issue of determining entitlement to

attorney's fees and costs, which will be resolved on the briefs." Rec. Doc. 57.

After furthering briefing on the issues of entitlement to the fees and costs, Judge Zainey referred the matter to United States Magistrate Shushan "in order to determine reasonable attorney's fees." Rec. Doc. 70. Magistrate Shushan issued a Report and Recommendation recommending that First Colony be awarded $20,161.66 in attorney's fees and costs. Rec. No. 86. Over objection by Defendant, Alfred J. Kreppin, Judge Zainey adopted that portion of the Magistrate's Report and Recommendation finding that First Colony was entitled to attorney's fees and costs. However, Judge Zainey decreased the amount to be awarded from $22,108.36 to $10,789.66." Rec. Doc. 95.

First Colony brings this Motion arguing there is no just reason to delay the entry of final judgment relative to the granting of its Motion for Summary Judgment, and the award of attorney's fees in the amount of $10,789.66 should be awarded from the registry of the Court without further delay. Rec. Doc. 102.

## II.    LAW AND ARGUMENT

Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim is presented in an action, whether as a claim, counter-claim, cross-claim, or third party claim, or when multiple parties are involved, the Court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

After reviewing the record, the Court finds that there is no just reason for delaying the entry of a final judgment in favor of First Colony. The Counter-claims against First Colony have been dismissed and the Court has ruled that it is entitled to its fees and costs. First Colony no longer has any role in this litigation as it has deposited the funds at stake into the registry of the Court. Further,

First Colony's continued participation in this litigation for an indefinite period would certainly cause it to expend additional resources and time for no good reason. The entry of a final judgment in favor of First Colony in this case is in keeping with the spirit of Rule 54(b), which is to avoid the possible injustice which could result from a delay in entering judgment as to fewer than all of the parties until the final adjudication of the entire case. *See* 10 Wright & Miller Federal Practice and Procedure: Civil, 23 § 2654 (2007). For these reasons, First Colony's FRCP 54(b) Motion is **GRANTED.**

Accordingly,

**IT IS ORDERED** that First Colony Insurance Company's Motion for FRCP 54(b) Final Judgment (Rec. Doc. 102) is **GRANTED.** The Court will enter Judgment dismissing First Colony Insurance Company and directing the Clerk of Court to disburse $10,789.66 from the funds held in the registry of the Court.

New Orleans, Louisiana this 20th day of March, 2008.

**UNITED STATES DISTRICT JUDGE**
**G. THOMAS PORTEOUS, JR.**